IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| RUBEN WENGER, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| v. | § | No. 4:10-CV-654-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by applicant, Ruben Wenger, a state prisoner currently serving 15- and 10-year sentences for his convictions for promotion and possession of child pornography in the Criminal District Court Number One of Tarrant County, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by applicant, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

On August 8, 2007, a jury found applicant guilty of three

counts of promotion of child pornography and four counts of possession of child pornography and assessed his punishment at 15 years' confinement for each count of promotion of child pornography and 10 years' confinement for each count of possession of child pornography. (State Habeas R. at 50-50A) Applicant appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Wenger v. Texas*, 292 S.W.3d 191 (Tex. App.-Fort Worth 2009). Applicant did not file a petition for discretionary review. Applicant filed a state application for writ of habeas corpus raising one or more of the claims presented herein, which the Texas Court of Criminal Appeals denied without a hearing or written order on the findings of the trial court. *Ex parte Wenger*, Appl. No. WR-74,366-01, at cover. This federal petition followed.

The state appellate court summarized the factual background of the case as follows:

> Sergeant Reid, an agent with the Attorney General's Cyber Crimes unit, testified that on November 28, 2005, he used file-sharing software called Shareaza to access the Internet through a covert access point in his office in Austin. Shareaza is a peer-to-peer file sharing software that allows a user to search for music, movies, and image files and download them from other Shareaza users' computers. A Shareaza user can type exactly what he or she is looking for via search terms, and a results list will appear with download links for the user to choose from. The software also

allows a user to select another user's Internet protocol ("IP") address and browse all files available from that user's collection. Downloads from Shareaza are automatically placed in a "Shared" folder created by the software on the user's computer. By default, Shareaza automatically shares the items downloaded with other Shareaza users.

For his investigation, Sergeant Reid used a special search term popular in the child pornography community and discovered several results. Over [applicant]'s hearsay objection, the trial court allowed Sergeant Reid to testify that he downloaded child pornography files from the IP address assigned to [applicant] by his Internet service provider. He stated that IP addresses are like telephone numbers, assigned to only one person. Based on the child pornography Sergeant Reid downloaded from [applicant]'s IP address, he obtained a grand jury subpoena and a search warrant. Police executed the warrant on [applicant]'s residence on February 8, 2006. Sergeant Reid retrieved a computer from the residence and took a statement from [applicant]'s wife.

During trial, the State played an audio recording of a February 8, 2006 interview between Sergeant Reid, Sergeant Smith, and [applicant] while they were at the Fort Worth police substation after the warrant was executed. Sergeant Reid testified that, before taking the statement, he read [applicant] his *Miranda* rights and did not make any promises or threats regarding [applicant]'s making the statement. In the recording, Sergeant Reid read the *Miranda* rights, told [applicant] that he was not under arrest, and informed [applicant] that he could ask to go home at any time. [Applicant] voluntarily waived his *Miranda* rights and spoke with the officers.

After waiving his *Miranda* rights, [applicant] confirmed that he was the primary user of both the computer and the installed Shareaza software. He claimed that a neighborhood child used the computer occasionally, along with his son. He stated that he formerly used the file-sharing software Kazaa but

3

switched to Shareaza. He installed Shareaza and registered his name, hometown, state, and zip code on the software's user information section. He registered his user name as "C.W." because his nickname was Chip Wenger. [Applicant] stated initially that he had only movies and "straight" pornographic images on his computer. He denied having child pornography and stated that he did not know how it came to be on his computer unless it was "clicked on accidentally." He stated that he "[tried] to view everything that gets downloaded." [Applicant] admitted that he had searched for files containing the words "young" and "Lolita," but denied having used other search terms associated with child pornography.

After Sergeant Reid confronted [applicant] by informing him that he had personally downloaded child pornography from [applicant]'s IP address, [applicant] admitted that the ages of the children in the videos on his computer were "very early teens" and that the youngest child was "probably eight." [Applicant] described the video of the youngest child and said that the video was in his "Shared" folder. He explained that he was curious about the visual material. [Applicant] denied finding the material sexually arousing, but compared his viewing of the pornographic images and videos to the "Taliban beheading [video]," stating that "you'd watch it even though you find it disgusting, but you are drawn to it." He admitted he knew it was illegal.

When asked if he knew how many times he had "allowed people to upload those videos of child pornography from [his] computer," [applicant] replied that he "had no idea." When asked if he was "aware that [it was possible for] people [to] upload . . . [his] files," [applicant] stated, "I'm assuming that it is, . . . but I think it says that it is-that's part of Shareaza is that [ ] . . . that's your way to use it is that people pull files from members." [Applicant] then claimed that he "did not know how to not share and share and separate those items out." He ultimately

4

admitted that there were "probably 300" videos of child pornography on his computer. [Applicant] described some files as located in folders that had titles such as "extreme," "amateur," "group," "toy," and "young." He explained that after he obtained the files from Shareaza, he would create "subfolders" and move the files.

The State offered into evidence the files that Sergeant Reid downloaded from [applicant]'s IP address during his November investigation Sergeant Reid stated that the files included both videos and photo images of children under eighteen, including the children's genitalia and children engaging in sexual activity. He testified that one can preview partially downloaded files on Shareaza.

While Sergeant Reid testified about the steps of his investigative process on November 28, 2005, the State offered into evidence an exhibit of Shareaza screen captures that showed a folder on a computer at [applicant]'s IP address with a list of labeled subfolders and 900 files that included file names graphically describing both adult and child pornography. After a rule 403 objection and lengthy voir dire, the trial court overruled the objection and admitted the screen captures into evidence. The trial court gave [applicant] a running objection to that evidence.

Detective Lawrence testified that he worked in the Computer Crime Detail of the Major Crimes section of the Fort Worth Police Department, where he investigated computer crimes and conducted computer forensics. He conducted a forensic examination on [applicant]'s computer after it was seized. He located the images alleged in the indictment on [applicant]'s computer and testified that, in his opinion, those images constituted child pornography.

Detective Lawrence explained that [applicant] had stored his pornography under the "My Documents" folder of a second hard drive, D:. He stated that the terms used in the file names, such as "age 6-3 (reelkiddymov child abuse underage preteen r@ygold bond age rape molest).mpg," were common to his child pornography investigations. He testified that one file was last accessed on February 7, 2006. He also testified about the organization of the files on the second hard drive and stated that they were "pretty well organized." He stated that, in his opinion, [applicant]'s possession of the child pornography was not inadvertent, based on the organizational structure of the files and the number of files on the computer.

Detective Lawrence confirmed that he found on [applicant]'s computer all three of the files Sergeant Reid had downloaded via Shareaza on November 28, 2005. Detective Lawrence added that there were other child pornography pictures found in several subfolders other than the "young" subfolder. He also testified that unlike the default Shareaza installation, where downloaded files are automatically shared, [applicant]'s computer had separate folders for downloaded and shared files and that files had to be moved from the "Download" folder to the "Shared" folder to share the files in question. He demonstrated how a person could make changes to his or her sharing settings by simply selecting "Shareaza Settings."

[Applicant] was charged by indictment with promotion of child pornography by disseminating visual material on counts one through three of the indictment and possession of child pornography on counts four through seven. The jury returned a verdict of guilty on all counts and assessed a punishment of fifteen years for each promotion count and ten years for each possession count, with some of the sentences consecutive and others concurrent.

*Wenger*, 292 S.W.3d at 194-96 (citations and footnotes omitted).

## II. ISSUES

Applicant's grounds for relief are construed as follows:

(1) His right to due process was violated during the state habeas proceedings because he was not allowed representation at the hearing.

(2) His right to due process was violated during the state habeas proceedings because the state did not respond to or address his due process claim.

(3) The trial judge abused her discretion by stacking one or more of his sentences.

(4) The prosecutor used misleading facts.

(Pet. at 7-8)

## III. RULE 5 STATEMENT

Respondent believes, and applicant admits, that he has failed to exhaust grounds one and two, enumerated above, as required by 28 U.S.C. § 2254(b)(1)(A). (Pet. at 8; Resp't Answer at 3) Nevertheless, a court may deny a habeas petition notwithstanding a applicant's failure to exhaust state court remedies. *Id.* § 2254(b)(2).

## IV. DISCUSSION

**Legal Standard for Granting Habeas Corpus Relief**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court

7

shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. §

2254(e)(1). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without a hearing or written opinion, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### *Grounds (1) and (2): State Habeas Proceedings*

In grounds (1) and (2), applicant complains his right to due process was violated during the state habeas proceedings because of the Texas Court of Criminal Appeals' "white card" denial of his state habeas application without a hearing and because the state did not respond to or address his due process claim. Alleged infirmities or defects in the state habeas proceedings, however, are not cognizable on federal habeas review. *See Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself. *See Rudd*, 256 F.3d at 320; *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Applicant's challenge to the state's

9

or the state court's acts or omissions during the proceedings is merely an attack on infirmities in the state habeas proceedings and is foreclosed.

### Ground (3): Stacked Sentences

In ground (3), applicant complains of the trial judge's decision to stack, or cumulate, one or more of his sentences. Under state law, it is within the discretion of the trial judge to cumulate sentences for two or more convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp. 2009). Applicant's claim fails because it concerns state criminal procedure and "does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (quoting *Johnson v. Beto*, 383 F.2d 197 (5th Cir. 1967)). It is beyond the scope of federal habeas review to review the correctness of the state court's interpretation of state law. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

### Ground (4): Prosecutorial Misconduct

Applicant claims the prosecutor misled the jury by stating

10

there were more than a thousand files on his computer but failed to tell the jury more than half were "household" files. He further claims the prosecutor continuously used the exaggerated term "hundreds" of files when only twenty images were found and only seven of those were illegal.

The state habeas court considered this claim and found that applicant, himself, admitted to law enforcement there were "probably 300" videos of child pornography on his computer. Based on its finding, the court concluded applicant had failed to prove that the prosecutor's statements were false or misleading or that the prosecutor engaged in prosecutorial misconduct, as defined by state law. (State Habeas R. at 17, 19)

Absent clear and convincing evidence disproving the state court's finding, the state court's adjudication of the claim is not unreasonable nor is it contrary to or involve an unreasonable application of federal law on the issue.

For the reasons discussed herein,

The court ORDERS the petition of applicant for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases

in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as applicant has not made a substantial showing of the denial of a constitutional right.

SIGNED December __3__, 2010.

_____
JOHN McBRYDE
United States District Judge